# Staunton.

## W. C. COLLINS v. COMMONWEALTH.

September 21, 1922.

1. HOMICIDE—*Self-Defense—Question for Jury.*—In a prosecution for homicide the theory of the Commonwealth was that accused killed deceased to avenge a grudge against him for forcing accused to return to deceased a part of the money won by accused from deceased, which deceased had done at the point of a pistol a short time before the homicide, while the theory of the defense was that deceased, being intoxicated and mad with accused for winning money from him, had attempted to draw his gun and shoot, and that accused shot in self-defense. There was evidence to support each of these theories.

   *Held:* That the case was peculiarly one for a jury to decide, and their verdict would not be disturbed on writ of error.

2. HOMICIDE—*Instructions—Error in Instructions as to Murder in the Second Degree Harmless where Accused Convicted of Manslaughter.*—Under an indictment for murder, where accused was convicted of manslaughter, an instruction that required defendant to produce evidence to sustain the burden of reducing the crime from murder in the second degree to manslaughter, without taking into consideration the fact that the evidence produced by the Commonwealth might of itself show justification, was clearly harmless, first, because upon a fair view of the evidence for the Commonwealth nothing appeared upon which to base the contention that the accused was not guilty of at least as high a crime as murder in the second degree; and, second, because the jury upon the whole evidence acquitted accused of any degree of murder, and found him guilty only of manslaughter. There was nothing to indicate that the jury were influenced by the instruction complained of, and it follows that the accused was not prejudiced thereby.

3. INSTRUCTIONS—*Instructions Considered as a Whole—Irregularity Harmless where Instructions Read Together are as Favorable as Party Complaining is Entitled to.*—Where the instructions as a whole were as favorable as the defendant was entitled to have them, and, when read together, left no room to complain of an irregularity in the particular instruction complained of, such irregularity is harmless.

Error to a judgment of the Circuit Court of Wise county.

*Affirmed.*

The opinion states the case.

*Morton & Parker*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General;* and *Leon M. Bazile, Second Assistant Attorney-General*, for the Commonwealth.

KELLY, P., delivered the opinion of the court.

Upon an indictment for the murder of one John Brown, the defendant, W. C. Collins, was tried by a jury, found guilty of voluntary manslaughter, and sentenced to the penitentiary for a term of three years. To that sentence this writ of error was awarded.

1. It is assigned as error that the court refused to set aside the verdict as being contrary to the law and the evidence.

A few minutes before the killing occurred, the defendant and the deceased had been doing some "side betting" on a game of cards. The deceased, who was drunk, lost twenty dollars to the defendant, and then forced the latter at the point of a pistol to return half of the loss. This broke up the game, and the participants, who had been playing out of doors on a hill near Norton, started away. The accused and the deceased had apparently made friends and were walking very close together a short distance from the others. Before they had gone far, the accused drew a pistol, and, with one hand on the arm or shoulder of the deceased, fired four shots at him, three of which took effect, producing instant death.

[1] There is no serious conflict in the statements of the witnesses except as to the circumstances immediately connected with the shooting. In this latter respect, however, the evidence is in irreconcilable conflict. The theory of the Commonwealth is that the accused killed Brown to avenge the grudge against him for forcing a return of part of his winnings, while the theory of the defense is that Brown, being intoxicated and offensive and mad at Collins for winning the money from him, was attempting to draw his gun and shoot, and that the accused shot in self-defense.

There was evidence to support each of these theories, and the case was peculiarly one for a jury to decide. It is unnecessary to do more in this connection than to say that if the evidence for the Commonwealth be fully credited and viewed in the light most favorable to its contention, the accused might well have been found guilty of murder in the first degree; while the evidence for the accused, standing alone and fully credited, would have warranted an acquittal. The jury settled the weight and credibility of the testimony, and under settled rules we cannot interfere with their verdict upon the facts.

[2, 3] 2. Over the objection of the defendant the court gave the following instruction at the request of the Commonwealth:

"The court instructs the jury that every homicide in Virginia is presumed, in the absence of other evidence, to be murder of the second degree and in order to elevate the offense to murder of the first degree the burden is upon the Commonwealth; and in order to reduce the offense to manslaughter, or to show a justification or excuse for the killing, the burden is upon the accused to introduce evidence sufficient to raise in the minds of the jury a reasonable doubt as to whether he be guilty of murder, or of manslaughter, or of any offense at all."

The objections made to this instruction are, first, that it improperly shifts the burden of proof upon the defendant, and, second, that "it requires the defendant to produce evidence to sustain the burden and does not take into consideration the fact that the evidence produced by the Commonwealth might of itself show justification."

Looking to this instruction alone, without regard to others given in the case, this must be said: The instruction is not in the usual form, and if anything in the evidence of the Commonwealth tended materially to rebut the presumption of murder in the second degree arising from the homicide as proved, and if the defendant had been convicted of murder in the second degree, the language used by the court might be open to serious criticism.   But the alleged error is clearly harmless for two reasons—first, because upon a fair view of the evidence for the Commonwealth nothing appears therein upon which to base a plausible contention that the accused was not guilty of at least as high a crime as murder in the second degree, and, second, because the jury upon the whole evidence acquitted him of any degree of murder and found him guilty only of manslaughter.   There is nothing whatever to indicate that in this finding the jury were influenced by the instruction complained of, and it follows that the accused was not prejudiced thereby.   *Jarrell* v. *Commonwealth,* 132 Va. 551, 110 S. E. 430.   Furthermore, the instructions as a whole were as favorable as the defendant was entitled to have them, and when read together left no room to complain of the irregularity in the particular instruction here under consideration.

3. Two of the instructions for the defendant were refused as offered, but given in slightly amended form. The accused excepted to the amendments and assigns

error on account thereof, but offers no argument or authority to support the exception.    We have been unable to discover any ground whatever for criticism of the amendments made by the court, and deem it unnecessary to make further reference to this assignment.

The judgment complained of is plainly right and will be affirmed.

*Affirmed.*